**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| PETER J. LYNCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:25-cv-0019 |
| | ) |
| MICHAEL D. HOLZKNECHT, | ) |
| | ) |
| Defendant. | ) |

**APPEARANCES**

PETER J. LYNCH, ESQ., *PRO SE*
FLAG LAW VI
ST. THOMAS, VI
    *FOR PLAINTIFF*

PAUL L. GIMENEZ, ESQ.
GENERAL COUNSEL
JUDICIAL BRANCH OF THE VIRGIN ISLANDS
ST. THOMAS, VI
    *FOR DEFENDANT*

**MEMORANDUM OPINION**

*Robert A. Molloy, Chief Judge.*

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss, filed on July 11, 2025. (ECF No. 8.) Plaintiff filed an opposition on August 1, 2025, and Defendant filed a reply thereto on August 13, 2025. *See* ECF Nos. 10 and 12. For the reasons stated below, the Court will grant the motion and will dismiss this case without prejudice with leave to amend.

## I. BACKGROUND

The Court finds the following facts for purposes of disposition of the instant motion. Plaintiff, Peter J. Lynch ("Lynch"), is a citizen of Florida who is a regularly admitted attorney in the Virgin Islands. Compl. ¶¶ 2, 6. Defendant, Michael D. Holzknecht ("Holzknecht"), is a

citizen of Missouri who resigned from his position as Virgin Islands Designated Disciplinary Counsel on or about July 16, 2021. *Id.* at ¶¶ 4, 7. Holzknecht also resigned from the practice of law in the Virgin Islands effective February 25, 2022. *Id*. at ¶ 8.

Lynch alleges that on December 4, 2023, Holzknecht used his smart phone to call the Brevard County Sheriff's Office ("BCSO") in Titusville, Florida, and obtained confidential information maintained by the BCSO on the Florida Criminal Information Center ("FCIC") and National Criminal Information Center ("NCIC") computer network. *Id.* at ¶ 12. Lynch alleges that this confidential information was non-public information that an arrest warrant was issued for Lynch. *Id.* Lynch further alleges that between December 4, 2023, and January 3, 2024, Holzknecht caused the confidential non-public information about him to be transmitted to persons at the Virgin Islands Supreme Court, including members of the Virgin Islands Office of Disciplinary Counsel, as well as to persons at the law firm of Lee J. Rohn and Associates. *Id.* at ¶¶ 13, 14. The arrest warrant was executed on February 7, 2024. *Id.* at ¶ 18.

Lynch avers that after the Office of Disciplinary Counsel received the confidential non-public information, it filed a Petition for Interim Suspension on March 1, 2024, seeking to suspend Lynch's Virgin Islands law license since he had been charged with a felony. *Id*. at ¶ 17. However, the Brevard County State Attorney filed a Notice of No Information on March 15, 2024, deciding not to move forward with charges against Lynch. *Id.* at ¶ 18.

Thereafter, Lynch further avers that on March 21, 2024, Attorney Donnelly of the Office of Disciplinary Counsel withdrew the Petition for Interim Suspension after he was able to demonstrate to the Supreme Court that he had not been charged with a felony. *Id.* at ¶ 19. Lynch alleges in his complaint that notwithstanding the withdrawal of the petition for suspension, the dissemination of the adverse "report" about him had already been circulated

throughout the Virgin Islands legal community causing him serious financial and reputational harm. *Id.* at ¶ 20.

Lynch commenced this action on May 8, 2025, alleging causes of action against Holzknecht seeking injunctive relief pursuant to 42 U.S.C. § 1983 and damages for violating the Virgin Islands Computer Crimes and Technology Act of 2013, codified at 14 V.I.C. § 459, *et. seq.* Holzknecht filed the instant motion to dismiss arguing that the Court lacks subject matter jurisdiction and that Lynch fails to state a claim upon which relief can be granted.

## II. DISCUSSION

Holzknecht filed the dismissal motion pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. The arguments raised under these rules are addressed below.

### A.  *Diversity Jurisdiction*

First, Holzknecht argues that this Court lacks subject matter jurisdiction because Lynch fails to properly allege that the amount in controversy reaches the threshold of $75,000.00. Because federal district courts are courts of limited jurisdiction, a court may exercise subject matter jurisdiction based only upon federal question jurisdiction, diversity jurisdiction, and/or admiralty/maritime jurisdiction. *See, e.g., DeLagarde v. Tours VI Ltd.*, Case No. 3:20-cv-0093, 2022 U.S. Dist. LEXIS 34405, at *6-7, 76 V.I. 749 (D.V.I. Feb. 28, 2022); 28 U.S.C. §§ 1331-33. If the Court "lacks subject-matter jurisdiction, the [C]ourt *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Under Rule 12(b)(1), a party may present either a facial or factual challenge to subject matter jurisdiction, but a factual challenge may be brought only after the defendant files an answer or has engaged in discovery. *See Mortensen v. First Fed. Sav. & Loan* Ass'n, 549 F.2d 884, 891

(3d Cir. 1977). With a facial challenge, as we have in this case, the Court "will consider 'whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" *Nellom v. Delaware Cty. Domestic Rels. Section*, 145 F. Supp. 3d 470, 476 (E.D. Pa. 2015) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)). The plaintiff bears the burden of proving subject matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

Here, Lynch alleges jurisdiction under federal question (28 U.S.C. § 1331) and diversity jurisdiction (28 U.S.C. § 1332). *See* Compl. ¶ 1. Assuming—without deciding—that there is no federal question jurisdiction, the Court concludes that it possesses diversity jurisdiction to hear this matter. Diversity jurisdiction is established when the citizenship of all plaintiffs is completely diverse from the citizenship of all defendants and the amount of controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). In the matter at bar, Defendant contests jurisdiction on the grounds that the amount in controversy is less than $75,000.00. *See* ECF No. 9 at 11-13.

Lynch alleges in the complaint that he is a citizen of Florida and that Holzknecht is a citizen of Missouri. *See* Compl. at ¶ 3, 4. Lynch further alleges that due to what he believes are the illegal actions engaged in by Holzknecht, he suffered financial harm and harm to his reputation. *Id.* at ¶ 20. More importantly, Lynch alleges that the amount in controversy exceeds $75,000.00. *Id.* at ¶ 5. In reviewing the complaint, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938). Based on the allegations, the Court cannot conclude that the amount in controversy does not exceed $75,000.00. Thus, the Court

concludes, that based on the face of the complaint, Lynch has properly plead allegations that would invoke this Court's diversity jurisdiction.

### *B. Failure to State a Claim*

Next, Holzknecht argues that the complaint should be dismissed because it fails to state claims upon which relief can be granted. When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff*." In re Insurance Brokerage Antitrust Litig.*, 618 F. 3d 300, 314 (3d Cir. 2010). The Court must accept as true all the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F. 3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F. 3d 223, 230 (3d Cir. 2010). *See also Ainger v. Great Am. Assur. Co.*, Civil Action No. 2020-0005, 2022 U.S. Dist. LEXIS 171487, at *6 (D.V.I. Sept. 2022) ("At the Rule 12(b)(6) stage, 'courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.' . . .").

1. Section 1983

In Count I, Lynch seeks injunctive relief under 42 U.S.C. § 1983. Holzknecht argues that Count I should be dismissed because there is no allegation that he was acting under color of state law. "To establish a valid claim under section 1983, a claimant must allege that: (1) the conduct complained of was committed by one acting under color of state law; and (2) the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Beckett v. McFadden*, Civil Action No. 92-2079, 1993 U.S. Dist. LEIXS

5689, *8 (E.D. Pa. Apr. 26, 1993) (citing 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988)). Only state action is actionable under section 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982). In order to be considered a state actor for purpose of liability under section 1983, the actor must be an officer or paid employee of the State or a private person "jointly engaged with state officials in the prohibited action." *Id.* at 941 (opining that "[t]o act under 'color of law' does not require that the accused be an officer of the States. It is enough that he is a willful participant in joint activity with the State or its agents") (citation omitted). In other words, "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoers is clothed with the authority of state law, is action taken 'under color of' state law." *United States v. Classic*, 313 U.S. 299, 326 (1941).

In this case, Lynch alleges that on December 3, 2024, Holzknecht obtained confidential non-public information from the BCSO and disseminated that information to certain individuals at the Office of Disciplinary Counsel and at the law firm of Rohn and Associates. Lynch further alleges that the dissemination of this information caused him financial harm. According to the complaint, at the time Holzknecht obtained and disseminated the information, he was not an attorney licensed in the Virgin Islands nor was he employed in the Virgin Islands Office of Disciplinary Counsel. The complaint is void of any allegation that he was an officer or paid employee of the Virgin Islands or any other State. The complaint is also devoid of any allegation that Holzknecht was acting jointly with any

state official. Thus, Lynch has failed to state a claim that Holzknecht was acting under color of state law.[1]

2. *Virgin Islands Computer Crimes and Technology Act*

Holzknecht also argues that Lynch has failed to state a claim under the Virgin Islands Computer Crimes and Technology Act of 2013 ("VICCTA"), codified at 14 V.I.C. § 459, *et seq*. Generally, this statute makes it a crime to access a computer for an improper purpose. Section 468 clearly allows any person injured as a result of committing a violation of this statute to bring a civil action against the violator for certain damages, costs and other judicial relief. *See* 14 V.I.C. § 468(a). It is unclear, however, which provision of the VICCTA Lynch is proceeding under. Under a liberal reading of the complaint, it is clear that neither sections 461 (access to computer for fraudulent purposes), 462 (access in order to damage), 463 (computer theft), 464 (computer trespass), nor 466 (violation of restraining order) apply to the allegations in this case. To the extent Lynch is relying on section 465, that statute prohibits any person from transmitting "any communication by computer or other electronic device to any person or causes any person to be contacted for the sole purpose of harassing that person or his or her family." *Id*. at § 465(a). Lynch makes no such allegation in the complaint. Thus, Count II will be dismissed for failure to state a claim.

### III. CONCLUSION

While the Court finds that it has subject matter jurisdiction over the complaint, the Court finds that Lynch has failed to state a claim under section 1983 or the VICCTA

---

[1] It is also unclear how Holzknecht deprived Lynch of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

warranting dismissal of these claims.[2] The Court, however, will permit Lynch leave to file an amended complaint to cure the pleading deficiencies. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (stating that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").

    An appropriate Order follows.

**Dated:** February 6, 2026                            s/ *Robert A. Molloy*
                                                                            **ROBERT A. MOLLOY**
                                                                            **Chief Judge**

---

[2] The Court finds the other arguments raised in Holzknecht's motion to dismiss unpersuasive at this stage of the litigation. Holzknecht is free to raise those arguments at a later time.